*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
January 14, 2021

v

DAIZON DIONTAE JORDAN,

        Defendant-Appellant.

No. 350062
Wayne Circuit Court
LC No. 18-007020-01-FC

Before: K.F. KELLY, P.J., and STEPHENS and CAMERON, JJ.

PER CURIAM.

Defendant, Daizon Diontae Jordan, appeals his bench-trial convictions of armed robbery, MCL 750.529; larceny of a firearm, MCL 750.357b; and two counts of possession of a firearm during the commission of a felony ("felony-firearm"), MCL 750.227b(1). Jordan was sentenced to 81 to 135 months' imprisonment for the armed robbery conviction, to 24 to 60 months' imprisonment for the larceny of a firearm conviction, and to two years' imprisonment for each felony-firearm conviction. We affirm.

## I. BACKGROUND

On January 18, 2018, the victim posted on his Instagram account that he was selling an "iMac computer." Several hours after the victim posted this information, Leon Timmon,[1] whom the victim knew from high school, contacted the victim through Instagram and expressed an interest in purchasing the computer. After they agreed on a price of $800, Timmon provided the victim with an address where they could meet. After the victim arrived at the agreed upon location at about 6:00 p.m., he parked his vehicle and eventually saw Timmon approach his vehicle. Timmon got into the victim's vehicle, and the victim handed Timmon a box that contained the computer.

---

[1] Timmon, who was Jordan's codefendant, was charged with several crimes arising out of the armed robbery. Timmon was acquitted following the bench trial.

About two minutes later, a man who was later identified as Jordan got into the back seat of the victim's vehicle. The victim heard a bullet being loaded into the chamber of a gun, and Jordan said "Give me everything." After Jordan "grabbed" the victim's phone, the two "tussled[.]" Jordan hit the victim in the head with a gun, at which point the victim put his hands up and indicated that he did not "have anything." Jordan took the victim's phone. The victim then noticed that someone was standing outside his vehicle. The individual, who was unidentified at the time of trial, opened the driver's side door, and the victim exited the vehicle. The individual removed items from the victim's pockets, including his wallet. The unidentified man then left the scene with Jordan, who was holding the laptop box. The victim's handgun, which he had placed on the armrest in the vehicle, was gone. Timmon accused the victim of "setting [him] up" and got out of the victim's vehicle.

The victim contacted the police and provided a statement. In the months following the robbery, the victim located photographs of Jordan on Instagram. The victim e-mailed the photographs to the police, indicating that Jordan was one of the men who robbed him. The victim later identified Jordan in a six-person photographic array.

Jordan was arrested and charged with armed robbery, larceny of a firearm, and two counts of felony-firearm. Trial commenced on May 13, 2019. Jordan's defense at trial was that the victim had misidentified him. Jordan was found guilty as charged, and he was sentenced as described above. This appeal followed.

## II. ANALYSIS

### A. SUFFICIENCY OF THE EVIDENCE

Jordan argues "that there was insufficient credible evidence of the identity of the robber to support the verdict in this case." We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). When ascertaining whether sufficient evidence was presented at trial to support a conviction, "this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted). "Conflicting evidence and disputed facts are to be resolved by the trier of fact." *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019).

"Due process requires that the evidence show guilt beyond a reasonable doubt in order to sustain a conviction." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). "[I]t is well settled that identity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). "[T]his Court has stated that positive identification by witnesses may be sufficient to support a conviction of a crime," and that "[t]he credibility of identification testimony is a question for the trier of fact that we do not resolve anew." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).

In this case, the victim's testimony was sufficient to establish Jordan's identity as the perpetrator of the crimes. The victim testified that Jordan was sitting in the back of the vehicle when the crimes occurred. Although it was dark outside, the dome light in the vehicle was on at

all relevant times. Additionally, the victim testified that he "tussled" with Jordan and that Jordan hit him in the head with a gun. This evidence supports that the two men were in relatively close proximity. A few months after the crimes occurred, the victim found photographs of Jordan on social media and forwarded them to the police. The police then created a six-person photographic array, which resulted in the victim again identifying Jordan as the robber. When asked about his identification of Jordan at trial, the victim stated "I knew that it was . . . Jordan, yes." Finally, the victim identified Jordan as the robber at trial.

Jordan argues that the victim's "testimony alone is not proof beyond a reasonable doubt" that Jordan "committed these crimes," and Jordan takes issue with the fact that the victim spent four months looking for the perpetrator on social media. Although Jordan acknowledges that "this is not a case of a due process violation by law enforcement," Jordan argues that the manner in which the victim came to initially identify Jordan makes all of the victim's identifications suspect. Thus, Jordan essentially argues that the trial court should not have believed the victim's testimony.

However, as already stated, identification is an issue of credibility for the trier of fact to resolve. *Davis*, 241 Mich App at 700. In this case, the trial court clearly found the testimony of the victim to be credible. Specifically, the trial court stated: "[t]he Court finds the testimony of [the victim] credible as it relates to the issue of identification, as it relates to Defendant Jordan." We do not second-guess determinations regarding the weight of the evidence or the credibility of witnesses. *Unger*, 278 Mich App at 222. Consequently, we conclude that a rational trier of fact could find that Jordan was the perpetrator of the crimes. Accordingly, the evidence presented at trial was sufficient to establish beyond a reasonable doubt that Jordan committed the crimes of armed robbery, larceny of a firearm, and felony-firearm.[2]

## B. ASSISTANCE OF COUNSEL

Jordan argues that he was denied his right to effective assistance of counsel because trial counsel failed to investigate and present an alibi defense. Jordan failed to raise an ineffective assistance of counsel claim in the trial court in connection with a motion for a new trial, and this

---

[2] To the extent that Jordan argues that the trial court could not rely on the victim's in-court identification because it was unfairly suggestive, we find that this argument lacks merit. At the time of trial, the victim had already identified Jordan from Instagram photographs and the photographic array. Jordan does not argue that the photographic array presented to the victim was impermissibly suggestive, thereby rendering the victim's trial identification of Jordan inadmissible. Rather, Jordan takes issue with the fact that the victim searched Instagram for several months in an attempt to identify who robbed him. As already stated, however, the trial court found the victim's identification to be credible. Consequently, any argument concerning the victim's in-court identification is without merit. See *People v Williams*, 244 Mich App 533, 542-543; 624 NW2d 575 (2001).

Court denied Jordan's motion to remand for a *Ginther*[3] hearing.[4]  Therefore, our "review is limited to mistakes apparent from the record." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

To prevail on a claim of ineffective assistance of counsel, a defendant "must establish (1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

Effective assistance of counsel is strongly presumed.  *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012).  The failure to reasonably investigate a case can constitute ineffective assistance of counsel.  *People v Trakhtenberg*, 493 Mich 38, 51-55; 826 NW2d 136 (2012).  However, "the failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004).  "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and citation omitted).  The "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

In this case, Jordan asserts in an affidavit that he does "not think [his] attorney properly defended [him]" because trial counsel failed to follow up with two alibi witnesses: Jordan's mother and his grandmother.  Jordan averred the following:

> 9.  That my family had dinner together at home every night of the week of my birthday, January 14, 2018, except for January 14, when everyone was at the church, and except for one night when we went out to dinner to celebrate my birthday belatedly.

> 10.  That in January, 2018, myself, my mother, my sisters, and my step-father all lived together . . . [in] Detroit, Michigan . . . .  My grandmother, aunt and cousin live close by.  We all eat meals together, as one household.

> 11.  That my family could have provided me with an alibi.

Even if trial counsel's decision was objectively unreasonable, Jordan has not presented any evidence to establish that his mother, his grandmother, or any other witnesses would have actually testified favorably in this case.  Consequently, we cannot conclude that trial counsel's performance was prejudicial.  See *People v Pickens*, 446 Mich 298, 327; 521 NW2d 797 (1994) (holding that a defendant's failure to present evidence that "establish[es] that the alibi witness would have testified favorably at trial" prevented a determination that counsel's performance was prejudicial).  Moreover, given the victim's credible testimony at trial, we fail to see how the testimony would

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[4] *People v Jordan*, unpublished order of the Court of Appeals, entered April 17, 2020 (Docket No. 350062).

have persuasively undermined the prosecution's case. See *People v Seals*, 285 Mich App 1, 21; 776 NW2d 314 (2009) (holding that a trial counsel's failure to present alibi testimony did not require reversal or an evidentiary hearing because "there was significant eyewitness testimony at trial[.]"). Indeed, Jordan has offered only vague assertions that he had dinner with his family in Detroit several times during the week of January 14, 2018. However, Jordan does not indicate what time these dinners occurred, which is noteworthy given that the robbery occurred in Detroit around 6:00 p.m. and only lasted for several minutes. Because Jordan has failed to establish the factual predicate for his claim of ineffective assistance of counsel, he is not entitled to the relief he seeks. See *Hoag*, 460 Mich at 6.

Jordan alternatively requests a remand for a *Ginther* hearing. This Court denied Jordan's earlier motion to remand without prejudice, and Jordan has not set forth any additional facts or evidence that would require development of a record to determine if trial counsel was ineffective. Therefore, we again deny Jordan's request for a remand. MCR 7.211(C)(1)(a).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens
/s/ Thomas C. Cameron